[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER AND MOTION FOR CAPIAS
The plaintiff S. M. Maaps, Inc., has filed in the Superior Court of CT Page 9008 Connecticut a judgment obtained in the State of Florida against the defendant John Bernet, in the amount of $128,289.46. The plaintiff has now instituted postjudgment proceedings to examine the judgment debtor, pursuant to Conn. Gen. Stat. § 52-397. The defendant has appeared by counsel and filed a Motion for Protective Order and a Motion to Quash Subpoena, alleging that the Florida judgment was not properly registered in Connecticut and that the prerequisites to an examination of judgment debtor have not otherwise been met.
The plaintiff, who caused an examination of judgment debtor proceeding to be docketed for February 22, 2000, has filed a Motion for Capias, requesting that the court issue such process to compel the defendant's attendance at court. The plaintiff's motion appeared on the short calendar for July 10, 2000, and the court will resolve both sets of motions.
The court finds that the judgment was properly filed in Connecticut, pursuant to the provisions of Conn. Gen. Stat. § 52-605. The Superior Court file contains a certified copy of the Florida judgment, an affidavit from plaintiff's Florida lawyer that contains all of the information required by the statute, and a declaration that a copy of the documents was sent to the defendant. The court file also contains a separate notation by the clerk that the court sent out a notice to the defendant of the filing on the day the documents were received for filing.
The defendant maintains that unless the plaintiff first obtains an execution against the judgment debtor which is then returned unsatisfied in whole or in part, the plaintiff is not entitled to compel the defendant to appear at a court-ordered examination. The court finds that the plaintiff properly instituted postjudgment proceedings to examine the judgment debtor.
The court file contains a sheriff's return indicating that on October 13, 1999, Deputy Sheriff Stuart E. Woods of Middlesex County made in-hand service of postjudgment interrogatories on the defendant. Thereafter the petition to examine judgment debtor signed by plaintiff's Connecticut counsel on December 16, 1999, indicates that the defendant failed to respond to those interrogatories. Conn. Gen. Stat. § 52-397 provides that a judgment debtor may be examined under oath after an unsuccessful attempt to execute on property of the debtor or after the judgment debtor has failed to respond within thirty days to postjudgment interrogatories.
The plaintiff is correct that the defendant failed to appear in court pursuant to the Order for Examination on February 22, 2000, and pursuant CT Page 9009 to a subpoena commanding him to appear that day. The court notes, however, that on February 17, 2000, counsel for the defendant filed an appearance; and on February 18, 2000, defendant's counsel moved for a one week continuance because of counsel's unavailability on the 22nd. The court declined to proceed with the case on the 22nd in counsel's absence and the matter was rescheduled for February 28, at which time the defendant and his counsel did appear in court.
Under these circumstances the court does not believe the issuance of a capias for appearance of the defendant is warranted. There is every indication that but for the ordinary scheduling problems that commonly exist among busy attorneys the matter can be rescheduled at the convenience of all and that the defendant will appear.
Therefore the court herewith continues the Examination of Judgment Debtor for Monday, August 14, 2000, at 9:30 A.M. in Courtroom 5-C and orders the defendant to be present. The Motion for Capias is denied at this time, without prejudice to its renewal if the defendant fails to appear at further proceedings. The Motion for Protective Order and Motion to Quash Subpoena filed by the defendant is also denied.
Patty Jenkins Pittman, Judge